People v Mungin (2020 NY Slip Op 03543)





People v Mungin


2020 NY Slip Op 03543


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-13078
 (Ind. No. 2161/17)

[*1]The People of the State of New York, respondent,
v
Brandon Mungin, appellant.


Paul Skip Laisure, New York, NY (Hannah Zhao of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel; Isaac Belenkiy on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Deborah A. Dowling, J.), imposed October 24, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid, as the Supreme Court mischaracterized the nature of the waiver by stating, inter alia, that the defendant "would not have a right to challenge [his] sentence or conviction" (see People v Thomas,34 NY3d 545, 564-566). Where, as here, "a trial court has utterly mischaracterized the nature of the right a defendant was being asked to cede, an appellate court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights" (id. at 565-566 [internal quotation marks omitted]). Thus, the purported waiver of the right to appeal does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court